UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALFRED CHRISTOPHER GONZALES,<br><br>Petitioner,<br><br>v.<br><br>JO GENTRY, *et al.*,<br><br>Respondents. | Case No. 2:18-cv-00266-GMN-PAL<br><br>ORDER |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, initiated *pro se* by Alfred Christopher Gonzales, a Nevada prisoner, on February 13, 2018. In his petition, Gonzales challenges a September 30, 2015, judgment of conviction, in Nevada's Fifth Judicial District Court (Nye County), in Case Number CR 8231A in that court, by which he was convicted of battery by a prisoner and sentenced to five to twenty years in prison. *See* Petition for Writ of Habeas Corpus (ECF No. 1); *see also* Judgment of Conviction, Exh. 19 (ECF No. 8-19).

The respondents filed a motion to dismiss (ECF No. 7) on May 14, 2018, contending that certain of Gonzales' claims are unexhausted in state court, because he did not raise those claims in state-court litigation regarding the September 30, 2015 judgment of conviction, and contending that one of his claims is not cognizable in this federal habeas corpus action. Gonzales filed an opposition to the motion to dismiss (ECF No. 13), and Respondents filed a reply (ECF No. 14).

1

The Court will deny Respondents' motion to dismiss, without prejudice to Respondents asserting the same arguments later in this action, if and when that becomes appropriate, as the Court determines that there are more fundamental issues, regarding this action, that should be resolved first.

Exhibit 63, filed by Respondents with their motion to dismiss as part of the state-court record, is a copy of an amended judgment of conviction in Case Number CR 8231A. *See* Amended Judgment of Conviction, Exh. 63 (ECF No. 9-30). The amended judgment was filed in Nevada's Fifth Judicial District Court on March 1, 2018, after this action was initiated.

In the Court's view, the entry of the amended judgment after the initiation of this action raises questions, in light of *Magwood v. Patterson*, 561 U.S. 320 (2010), and other precedent concerning the effect of an amended judgment in the context of a habeas corpus petition. First, given that the habeas petition concerns the September 30, 2015, judgment, does the entry of the March 1, 2018, amended judgment render this action moot, and subject to dismissal on that ground? Second, as it appears that there has been no state-court litigation relative to the March 1, 2018, amended judgment, would any claim concerning that amended judgment be unexhausted in state court, such that a federal habeas action relative to the amended judgment would be premature and subject to dismissal? The Court will deny Respondents' current motion to dismiss, without prejudice, and will entertain briefing from the parties with respect to these issues.

On May 30, 2018, Gonzales filed a motion for appointment of counsel (ECF No. 15). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The Court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. The Court determines that

appointment of counsel is not warranted in this case, especially in light of the possible basic procedural shortcomings of this action.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 7) is **DENIED**, without prejudice to Respondents asserting the same arguments later in this action, if and when that becomes appropriate.

**IT IS FURTHER ORDERED** that, within 30 days from the date of this order, Respondents are to file a memorandum of points and authorities regarding the following issues:

    1. As the petition in this action concerns the September 30, 2015, judgment, does the entry of the March 1, 2018, amended judgment render this action moot, and subject to dismissal on that ground?

    2. As it appears that there has been no state-court litigation relative to the March 1, 2018, amended judgment, would all claims concerning that amended judgment be unexhausted in state court, such that a federal habeas action relative to the amended judgment would be premature and subject to dismissal on that ground?

After Respondents file that memorandum, the petitioner will have 30 days to file a response. Respondents will then have 20 days to file a reply.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Appoint Counsel (ECF No. 15) is **DENIED**.

DATED THIS 20 day of August, 2018.

_____
GLORIA M. NAVARRO,
CHIEF UNITED STATES DISTRICT JUDGE