UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALFRED CHRISTOPHER GONZALES,

    Petitioner,

v.

JO GENTRY, *et al.*,

    Respondents.

Case No. 2:18-cv-00266-GMN-PAL

ORDER DISMISSING ACTION, WITHOUT PREJUDICE, AS MOOT

In this habeas corpus action, brought *pro se* by Nevada prisoner Alfred Christopher Gonzales, on August 20, 2018, the Court denied the respondents' motion to dismiss, without prejudice, and directed the parties to submit briefing with respect to certain issues. *See* Order entered August 20, 2018 (ECF No. 16). Specifically, the Court invited briefing regarding the following issues:

> 1. As the petition in this action concerns the September 30, 2015, judgment, does the entry of the March 1, 2018, amended judgment render this action moot, and subject to dismissal on that ground?
>
> 2. As it appears that there has been no state-court litigation relative to the March 1, 2018, amended judgment, would all claims concerning that amended judgment be unexhausted in state court, such that a federal habeas action relative to the amended judgment would be premature and subject to dismissal on that ground?

*See id.* The respondents filed their brief, addressing these issues, on October 19, 2018 (ECF No. 22). The petitioner did not file a response.

In this action, initiated by Gonzales on February 12, 2018, Gonzales challenges a September 30, 2015, judgment of conviction, in Nevada's Fifth Judicial District Court (Nye County), in Case Number CR 8231A in that court, by which he was convicted of battery by a prisoner and sentenced to five to twenty years in prison. *See* Petition for Writ of Habeas Corpus (ECF No. 1); *see also* Judgment of Conviction, Exh. 19 (ECF No. 8-19). However, Gonzales is no longer in custody on that judgment of conviction.

Rather, on March 1, 2018, after Gonzales initiated this action, an amended judgment was filed in his criminal case, Case Number CR 8231A in Nevada's Fifth Judicial District Court. *See* Amended Judgment of Conviction, Exh. 63 (ECF No. 9-30). Gonzales is now in custody on that amended judgment.

Respondents argue – accurately, in the Court's view – that, under *Magwood v. Patterson*, 561 U.S. 320 (2010), and Ninth Circuit Court of Appeals precedent, this action is now moot, and subject to dismissal on that ground. *See* Response to Court Order (ECF No. 22), pp. 4-8; *see also Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017); *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012).

The Court determines, then, that, as the petition in this action challenges a judgment of conviction that has been superseded, and under which Gonzales is no longer held in custody, this action is moot. The Court will dismiss this action, without prejudice, on that ground.

The Court observes that, as the amended judgment of conviction was filed on March 1, 2018, Gonzales will have time to initiate a new federal habeas corpus action, challenging the amended judgment under which he is held in custody, without being barred by the statute of limitations, if he chooses to do so. The dismissal of this action will be without prejudice to Gonzales initiating such a new action. To do so, Gonzales must draft a new habeas petition, using the correct form, and he must send it to this Court for filing, with payment of the filing fee, or a complete application to proceed *in forma pauperis* drafted using the correct form and supported by the necessary attachments. The documents submitted to initiate a new action should not have on them the case number for this case; a new case number would be assigned to the new case. The Court will direct the Clerk of the Court to provide Gonzales with the forms necessary to initiate a new action.

**IT IS THEREFORE ORDERED** that this action is dismissed as moot, without prejudice to the petitioner initiating a new federal habeas corpus action challenging the amended judgment of conviction under which he is held in state custody.

**IT IS FURTHER ORDERED** that the petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send to the petitioner, along with a copy of this order, two copies each of the form for a petition for writ of habeas corpus under 28 U.S.C. § 2254, and the form for an application to proceed *in forma pauperis*, along with any available instructions relative to those forms.

DATED THIS 10 day of December, 2018.

_____
GLORIA M. NAVARRO,
CHIEF UNITED STATES DISTRICT JUDGE